FOWLER v. AFFLECK et al. *
Patent Appeal No. 2885.

Court of Customs and Patent Appeals.
Feb. 8, 1932.

Elliott J. Stoddard, of Detroit, Mich., for appellant.

Thos. S. Donnelly, of Detroit, Mich., and Eugene E. Stevens, of Washington, D. C., for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

An interference was declared by the United States Patent Office between the application of the appellant, filed April 8, 1927, Serial No. 181,963, and the application of the appellees, filed January 24, 1927, Serial No. 163,301. These applications covered the subject-matter of a process for cleaning spraying booths where objects, such as automobiles, are painted.

The issue of the interference was expressed in two counts, which are as follows:

"1. The process of removing paint and finish from the inner surface of spray booths consisting in applying, prior to the spraying operation, on the inner surface of said spray booths, a protective coating of water soluble material and removing said protective coating from said surface subsequent to the spraying operation by forcibly bringing water or steam into contact with said coating.

*Rehearing denied March 7, 1932.

"2. The method which comprises applying to the surface of the walls of a spray booth a coating of a water soluble adhesive compound, and subsequently removing said coating together with paint, lacquer or the like collected thereon with a fluid containing water."

Both tribunals in the Patent Office awarded priority to the appellees.

The appellant being the junior party, the burden was imposed upon him of establishing his claim of priority of conception and reduction to practice by a preponderance of the evidence. This burden of proof becomes greater here because of the concurring decisions of the tribunals below, on a question of fact. Herst v. Nielsen, 19 C. C. P. A. ——, 55 F.(2d) 430.

The case is one involving largely the question of originality. No question of diligence is raised. A third party, Schlatter, was originally involved in the interference; but his rights were disposed of by a judgment entered against him for failure to show cause.

The appellees allege, in their preliminary statement, conception on or about April 1, 1926, and reduction to practice on or about April 15, 1926. The appellant alleges conception and reduction to practice on or about October 1, 1926. As we understand it, the examiner of interferences found that the invention had been conceived and reduced to practice by the appellees in April or May, 1926. The Board of Appeals found a conception by appellees in the spring of 1926, as averred, and found that in a demonstration of the invention at the Dodge plant in October, 1926, appellees reduced the invention to practice. No holding was made by the board as to appellees' claimed reduction to practice in April or May, 1926, a holding on such point not being necessary to a decision of the case.

In the years 1926 and 1927, the appellant was division superintendent of painting and enameling in Plant No. 1 of the Dodge Brothers' automobile factory in Detroit, Mich. The appellee Anderson, during 1926, was employed in said plant as acting foreman in connection with enameling bodies. A part of his duties at that time was to see that the spraying booths were kept clean. This work, it appears, was under the general supervision of the appellant. In the spring of 1927, Anderson became superintendent of painting in the truck division. The appellee Affleck was employed by Dodge Brothers in the physical testing laboratory, as a metallurgist, at the same time, apparently in the same plant, with Anderson.

It appears from the record that Dodge Brothers was having considerable trouble, during the year 1926, with the problem of keeping its spraying booths clean. Owing to the highly inflammable character of the lacquer used in painting, the insurance underwriters were insisting upon no accumulations of this spraying material being permitted in these booths. The ordinary practice was to scrape off the enamel from the metal sides of the booths with bronze scrapers, iron scrapers not being permitted because of the possibility of sparks and consequent fires. This difficulty continued during the summer of 1926, for in June, 1926, we find the appellant participating in a meeting at the city fire marshal's office, called for the purpose of drafting an ordinance covering this subject, and on October 7, 1926, a draft of the proposed ordinance was submitted to the appellant for his approval. There is no hint in the minutes of said meeting of June 24 that any one had any appreciation of the solution of the problem involved in the issue of this interference.

In the spring of 1926, the appellee Anderson, associated with Joseph Thimm and Randle T. Meehan, rented a garage in Detroit, where they thereafter carried on the work of painting private automobiles. Anderson worked here at odd times, when not employed at the Dodge Brothers' plant. Possession of these premises was taken April 5, 1926. During the occupation of these premises, various cars were painted there, the cars being placed in the southeast corner of the garage for painting. The painting was done by spraying, a compressor being used. In the Southeast corner of this garage certain sheets of corrugated metal were placed, to protect the wall from the excess spray. The witness Meehan stated that he saw no such plates, but their presence is amply established by the testimony of several other witnesses.

While this private work was going on, the appellee Affleck was experimenting in the basement of the residence of one Weismiller, with whom he was then living, endeavoring to prepare a material for coating the sides of painting booths which could be easily and cheaply removed. He took some of this material from time to time to Anderson's garage, and it was there found, on experimenting, that it was impenetrable by enamel and could be removed with water. Much of this experimental work was done both at Weismiller's, and at the garage, by Affleck and An-

derson, jointly, during the months of April and May, 1926.

The evidence, in our opinion, amply corroborates Affleck and Anderson as to what occurred at this garage. The metal plates in question were so placed as to catch the excess spray, and, although they did not cover the entire inner surface of the garage, seem to have covered that portion which would naturally be reached by the excess spray. There can be no doubt that the appellees perfected their material, applied it repeatedly to these plates and removed it, all substantially as was the later practice in the Dodge plant, after its adoption there in October, 1926.

No reason is apparent why this did not constitute a reduction to practice of the invention in issue. It will be observed that the counts of the interference are broad enough to cover a protection of the entire inner surface of a spray booth, and also such part thereof as is necessarily used, as well. It can hardly be successfully contended that in order to satisfy the counts, there must be a reduction to practice by coating the entire inner surface of a garage, 18 by 24 feet in size, with protective material, when only a small portion of the inner surface of this building would be exposed to the surplus spray. We are of opinion that the appellees have proven their claim of a conception and reduction to practice in April or May, 1926.

We might be content with this conclusion, without further discussion of the matter. However, even if the work of appellees in the spring of 1926 were not considered a reduction to practice, we are convinced, by the facts appearing upon this record, that the demonstration in the Dodge plant in October, 1926, where the material was used successfully on a painting booth, was conducted by Anderson, and not by Fowler. The material which was used was procured from Affleck The record plainly shows that up to that time Fowler had been experimenting, unsuccessfully, with a material called "Protect-O-Lac." It was only after this demonstration that Fowler began to experiment for himself along the lines indicated by the October test.

Fowler's testimony is uncertain and contradictory, and certainly not of that character which would justify this court in reversing the concurring decisions of the tribunals below. It is a significant fact that on December 8, 1926, he prepared a letter for Anderson to sign, known as Appellees' Exhibit 4, in which he sought to have Anderson acknowledge that the solution in question was prepared under his (Fowler's) direction, and which letter ended with this statement: " * * * it is understood that I willingly give this firm the right to use same and this firm would not in any way or form be infringing upon my ideas or patent and I would not be entitled to any royalty from Dodge Brothers, Inc., for using same."

Anderson refused to sign this letter. If, as Fowler claims, the invention was his and not Anderson's, it is difficult to understand why he so earnestly pressed the signing of this letter.

It is contended that Anderson, being under the supervision of Fowler, under the doctrine of DeForest v. Owens, 49 F.(2d) 826, 18 C. C. P. A. 1424, was merely doing this work as a part of his employment and under the guidance and instruction of his employer, and that, therefore, the invention is that of his employer. However, the conception and reduction to practice by appellees, as we have seen, was not while they were performing their duties as employees of Dodge Brothers, but in their own time, at their own expense, and entirely independent of such employment. The rule announced in the case cited does, therefore, not apply.

The decision of said board, awarding priority to the appellees on both counts of the interference, is affirmed.

Affirmed.